# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| James A. Griffin,  )<br>  )<br>       Plaintiff,  )<br>  )<br>v.  )<br>  )<br>Santander Consumer USA,  )<br>  )<br>       Defendant.  )<br>_____ ) | Civil Action No. 6:23-cv-6366-TMC<br><br>**ORDER** |

Plaintiff James A. Griffin, proceeding *pro se* and *in forma pauperis*, filed this action against Defendant, seeking to vacate an arbitration award in favor of Defendant. (ECF Nos. 1; 20; 26-1 2–3). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court deny the petition to vacate the arbitration award and dismiss this action with prejudice and without leave to amend. (ECF No. 22 at 8). Plaintiff has filed objections to the Report. (ECF No. 26). This matter is now ripe for review.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or

recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally").  Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court.  *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from

sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

In the Report, the magistrate judge correctly observed that "[j]udicial review of an arbitration award in federal court 'is among the narrowest known at law' and 'a district or appellate court is limited to determine whether the arbitrators did the job they were told to do – not whether they did it well, or correctly, or reasonably, but simply whether they did it.'" (ECF No. 22 at 4 (quoting *Three S Del., Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007)). As the magistrate judge noted, the Federal Arbitration Act ("FAA") permits a court to vacate an arbitration award only if "the award was procured by corruption, fraud, or undue means," the award resulted from partiality in the arbitrator, the arbitrator was guilty of misconduct in refusing to postpone the hearing or refused to hear pertinent evidence, or the arbitrator exceeded its power. *Id*. The Report rejects Plaintiff's argument that the magistrate judge erroneously found numerous documents and certain evidence to be irrelevant because the FAA does not permit district courts to review an arbitration award on the merits. *Id*. at 4-9. The magistrate judge also rejected Plaintiff's argument that the award should be vacated because the arbitrator was biased in favor of the opposing party, concluding that this argument rests on the "vague and conclusory assertion that the party representatives for the defendant had appeared before the arbitrator before," which is insufficient to show partiality requiring that the award be vacated. *Id*. at 6.

Additionally, the magistrate judge liberally construed various random allegations set forth in the amended complaint as independent claims separate from the claim to vacate the arbitration award. *Id*. at 3, 6–8. The magistrate judge concluded that one such claim—that Defendant allegedly gave false information to the credit bureaus under the Fair Credit Reporting Act—was subject to summary dismissal because only the government could enforce such a claim. *Id*. at 6

3

(citing 15 U.S.C. § 1681s-2(d)).  The magistrate judge concluded that, to the extent Plaintiff was attempting to assert any other additional independent claims, such claims were frivolous and subject to summary dismissal.  *Id*. at 8.  Finally, the magistrate judge recommended the court "warn the plaintiff regarding the entry of sanctions (including prefiling restrictions) in the future should the plaintiff continue to file such cases in this court."  *Id*.

In his objections, Plaintiff does not dispute the magistrate judge's recitation of the scope of judicial review of an arbitration award under the FAA.  (ECF No. 26).  Plaintiff's objections consist largely of criticisms of the arbitrator's handling of the merits in reaching an arbitration decision.  *Id*. at 5–8.  The court overrules these objections as they would require the court to venture beyond the narrow scope of its review of an arbitration award.  To the extent Plaintiff objects on the basis that the magistrate judge's analysis and recommendation constitutes discriminatory conduct under the Americans with Disabilities Act, *id*. at 13, the court rejects the argument as wholly frivolous.  The court has considered *de novo* each and every objection to the Report, including those objections that require the court to duplicate the efforts of the magistrate judge by merely restating and repeating Plaintiff's arguments to the magistrate judge.  Plaintiff's objections fail to identify any reason that would require this court to deviate from the magistrate judge's recommended disposition.  Therefore, the court overrules Plaintiff's objections.

Having carefully conducted a *de novo* review of the Report, Plaintiff's objections, and the record, the court finds no error and **ADOPTS** the magistrate judge's findings and conclusions in the Report (ECF No. 22), which is incorporated herein by reference.  Accordingly, Plaintiff's claim seeking to vacate the arbitration award is hereby **DENIED.**

Shortly after the Report was issued but before Plaintiff filed his objections, Defendant filed a Motion to Confirm the arbitration award, (ECF No. 24), and Plaintiff filed a response in

opposition (ECF No. 25). Pursuant to Local Civil Rule 73.02(B)(2)(e), the court now **RECOMMITS** this matter to the magistrate judge for consideration and issuance of a Report and Recommendation as to the Motion to Confirm.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
March 18, 2024

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.