IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| James A. Griffin, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Santander Consumer USA, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 6:23-cv-6366-TMC <br><br> **ORDER** |

Plaintiff James A. Griffin, proceeding *pro se* and *in forma pauperis*, filed this action against Defendant, seeking to vacate an arbitration award in favor of Defendant. (ECF Nos. 1; 20; 26-1 2–3). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On February 13, 2024, the magistrate judge issued a Report and Recommendation recommending that the Court deny the petition to vacate the arbitration award and dismiss this action with prejudice and without leave to amend. (ECF No. 22 at 8). Plaintiff objected. (ECF No. 26). On March 18, 2024, the Court entered an Order (ECF No. 31) overruling Plaintiff's objections, adopting the magistrate judge's recommendation and denying Plaintiff's claim to vacate the arbitration award. Shortly after the magistrate judge issued his recommendations, Defendant filed a Motion to Confirm the arbitration award, (ECF No. 24), and Plaintiff filed a response in opposition (ECF No. 25). The Court recommitted the case to the magistrate judge for consideration and issuance of a Report and Recommendation as to the Motion to Confirm.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Court grant Defendant's Motion to Confirm the Arbitration Award. (ECF

No. 34 at 4). Once again, Plaintiff has filed objections to the Report. (ECF No. 40). This matter is now ripe for review.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir.

2

2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

In the Report, the magistrate judge correctly observed that "[j]udicial review of an arbitration award under the Federal Arbitration Act ('FAA') in federal court 'is among the narrowest known at law' and 'a district or appellate court is limited to determine whether the arbitrators did the job they were told to do – not whether they did it well, or correctly, or reasonably, but simply whether they did it.'" (ECF No. 34 at 2 (quoting *Three S Del., Inc. v. DataQuick Info. Sys., Inc*., 492 F.3d 520, 527 (4th Cir. 2007)). The magistrate judge further noted the FAA requires a court to "confirm an arbitration award unless a party to the arbitration demonstrates that the award should be vacated under one of the four enumerated grounds in 9 U.S.C. § 10 or because the arbitrator manifestly disregarded the law." *Id*. (internal quotation marks omitted). The enumerated grounds are the same as those considered by the Court in connection to Plaintiff's claim to vacate the arbitration award: "(1) the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrator; (3) where

3

the arbitrator was guilty of misconduct in refusing to postpone the hearing (upon sufficient cause shown), refused to hear evidence pertinent and material to the controversy, or any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrator exceeded its power so that a mutual, final, and definite award upon the subject matter submitted was not made." *Id*.

The magistrate judge indicated that "the plaintiff's arguments offered in opposition to the defendant's motion are substantially similar to those he originally offered in seeking to vacate the arbitration award," requiring "the court to venture beyond the narrow scope of its review of an arbitration award" and providing no "basis for vacating the arbitration" or "denying the defendant's motion to confirm the arbitration award." *Id*. at 3. To the extent Plaintiff offered a different argument—that the award should be vacated for fraud on the court—the magistrate judge construed this argument to be that "there is no longer a valid lien on the vehicle in question and that the arbitrator erred by finding that the defendant was entitled to possession of the vehicle in order to sell it to satisfy the unpaid balance on the loan." *Id*. The magistrate judge concluded that this argument amounted to a request from Plaintiff "that this Court review the merits of the arbitrator's decision" which this Court is not permitted to do. *Id*. (citing *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)). In sum, the magistrate judge considered the appropriate factors and concluded that there was no basis for vacating the arbitration award and that there was nothing to support the conclusion that the arbitrator manifestly disregarded the law. Accordingly, the magistrate judge recommended that the Court grant Defendant's Motion to Confirm the Arbitration award. (ECF No. 34 at 4).

4

In his objections, (ECF No. 40), Plaintiff offers a number of *new* arguments and grounds in favor of vacating/not confirming the arbitration award: Defendant's request to confirm the arbitration award is barred by the doctrine of election of remedies, *id*. at 2–3; that Defendant's request to confirm the arbitration award "should be dismissed due to prior filing establishes state court jurisdiction," *id*. at 3–4; that Defendant improperly invoked federal jurisdiction in this case which Plaintiff, not Defendant, filed in federal court, *id*. at 4–5; and the Defendant's motion to confirm should be "dismissed" pursuant to Rule 11 for "lack of candor and comity," *id*. at 5–6. This Court "'is not obligated to consider new arguments raised by a party for the first time in objections to the magistrate's Report.'" *Floyd v. City of Spartanburg S.C.*, No. 7:20-cv-1305-TMC, 2022 WL 796819, at *9 (D.S.C. Mar. 16, 2022) (quoting *Elliott v. Oldcastle Lawn & Garden, Inc.*, No. 2:16-cv-01929-DCN, 2017 WL 1206408, at *3 (D.S.C. Mar. 31, 2017)); *see also Elijah*, 66 F.4th at 460 n.3 (noting "district court judges are not required to consider new arguments posed in objections to the magistrate's recommendation"). The Court declines to address these last-second non-jurisdictional arguments which were never presented for the magistrate judge's consideration in the first instance. Even if the Court were to address them, however, the Court would conclude Plaintiff has offered no basis for declining to confirm the award. To the extent Plaintiff argues that the Court has jurisdiction over this action to vacate the award but lacks jurisdiction *over Defendant's motion to confirm the award* because Defendant filed an action to confirm the award in state court, (ECF No. 40 at 3–5), the Court rejects it. Plaintiff, not Defendant, brought this action in federal court; this Court has jurisdiction and Defendant may pursue its claim here to confirm the same award Plaintiff seeks to vacate in this

action.[1] "[O]ur dual system of federal and state governments allows parallel actions to proceed to judgment until one becomes preclusive of the other." *Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 462 (4th Cir. 2005). Additionally, the Court perceives no basis for abstaining or otherwise declining to exercise its jurisdiction. These objections, therefore, are overruled.

The remainder of Plaintiff's objections generally reassert his challenges to the merits of the arbitrator's decision and his previous arguments in favor of vacating the arbitration award. (ECF No. 40 at 7–17). The Court has carefully considered these objections and overrules them.

Having carefully conducted a *de novo* review of the Report, Plaintiff's objections, and the record, the court finds no error in the Report and **ADOPTS** the magistrate judge's findings and conclusions in the Report (ECF No. 34), which is incorporated herein by reference. Accordingly, Defendant's Motion to Confirm the Arbitration Award (ECF No. 24) is hereby **GRANTED.** The Clerk of Court is directed to mail a copy of this Order to Plaintiff at the address on record with this Court and close this case.

**IT IS SO ORDERED.**

---

[1] The FAA does not create any independent federal-question jurisdiction but rather only permits the federal district court to exercise jurisdiction over an action to vacate or confirm an arbitration award when there is an independent jurisdictional basis via diversity or federal question jurisdiction. *See SmartSky Networks, LLC v. DAG Wireless, LTD.*, 93 F.4th 175, 178 (4th Cir. 2024) ("[A] federal district court faced with an application to enforce or vacate an arbitration award under Sections 9 or 10 of the Federal Arbitration Act . . . must have a basis for subject matter jurisdiction independent from the FAA and apparent on the face of the application."). In determining whether there is an independent jurisdictional basis for an action under section 9 or 10 of the FAA, the court must look to "the application [to vacate or confirm] itself. If it shows that the contending parties are citizens of different States (with over $75,000 in dispute), then § 1332(a) gives the court diversity jurisdiction. Or if it alleges that federal law (beyond Section 9 or 10 itself) entitles the applicant to relief, then § 1331 gives the court federal-question jurisdiction." *Badgerow v. Walters*, 596 U.S. 1, 9 (2022). In this case, the Court concludes, based on a liberal construction in light of Plaintiff's *pro se* status, that the application to vacate the arbitration award alleges federal law, including the Truth in Lending Act, entitles Plaintiff to relief. (ECF No. 20).

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
April 17, 2024

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

7